**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CLOYD HEPP                                                                                                          PLAINTIFF

v.                                         NO.  4:05CV00946 SWW/JWC

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                                    DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Susan Webber Wright.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**DISPOSITION**

Plaintiff, Cloyd Hepp, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial

evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on a spinal injury and torn rotator cuff. (Tr. 130.) The Commissioner found that he was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting the final administrative hearing,[1] the Administrative Law Judge[2] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through April 29, 2004, the date of his decision. (Tr. 349.) On June 17, 2005, the Appeals Council declined to assume jurisdiction, thereby making the ALJ's decision the final decision of the Commissioner. (Tr. 324-26.) Plaintiff then filed his complaint initiating this appeal (docket entry #1).

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 62 years old at the time of the second hearing. (Tr. 411.) He

---

[1] There have been three hearings in this case. The first was in May 2001. (Tr. 62-98.) The determination of that application ultimately was appealed to this Court and resulted in a remand. Hepp v. Barnhart, 4:01CV00745 SWW (Judgment, Jan. 15, 2003) (Tr. 371). The second hearing was in May 2003. (Tr. 406-36.) The third hearing (Tr. 437-57) was supplemental to the second, and was devoted mostly to a cross-examination of William Blankenship, M.D.

[2] The Hon. Mark S. Anderson.

completed the eleventh grade in school. (Tr. 136, 342, 411.) He has past relevant work as a seafood processing worker and as a parachute rigger. (Tr. 342, 413-17.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. He found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 348.) He found that Plaintiff had a history of diagnosis and/or treatment for disorders of the back, which were "severe" impairments, but that he did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 349.) He judged that Plaintiff's allegations regarding the extent of his symptoms, limitations and restrictions were credible only to the extent that they were supported by the medical evidence. Id.

The ALJ determined that Plaintiff retained the residual functional capacity for medium work. Id. Based on the testimony of a vocational expert witness, he found that Plaintiff's past relevant work as a fish/seafood processor did not require the performance of work-related activities precluded by his limitations, and that his impairments did not prevent his performing that past relevant work. Id. Consequently, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff contends that Dr. Blankenship's findings were internally inconsistent because his examination of Plaintiff revealed a 50% loss in vertebral height, but was unable to reconcile that finding with x-rays which were performed by his office and bone scans previously performed by the Veterans Administration. (Br. 18.) Plaintiff cites to the record to a page (Tr. 331) where he complains to the Appeals Council that the ALJ did not have Dr. Blankenship certify that his x-ray technician and nursing assistant were licensed or certified by the State of Arkansas. This is a confusing argument. Plaintiff states in his brief that the nurse who performed the x-rays was not properly certified. (Br. 18, n.3.) It is difficult to imagine how that lack of certification, if true, would affect the issue of whether the Commissioner's decision was supported by substantial evidence. Plaintiff's argument lacks merit.

Next, Plaintiff contends that the ALJ failed to reconcile two findings. First, he found (in the body of his opinion) that Plaintiff was unable to perform any of his past relevant work, and the burden of proof therefore shifted to the Commissioner at Step 5 of the sequential evaluation process. (Tr. 347.) He then found (in his Findings) at Step 4 that Plaintiff was capable of performing his past relevant work as a fish/seafood processor. (Tr. 349.) This appears to be merely a "cut and paste" error that has no real effect. "[A]n 'arguable deficiency in opinion-writing technique' does not require us to set aside an administrative finding when that deficiency had no bearing on the outcome." Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992), quoting Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987); accord, Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996).

Next, Plaintiff argues that the ALJ alleged that Plaintiff failed to follow prescribed treatment. (Br. 19.) Plaintiff does not cite to the record in support of his argument, and the Court has read the decision and cannot find such a statement by the ALJ. Plaintiff contends that an ALJ who does not properly notify the claimant denies him due process of law, citing Kelley v. Callahan, 133 F.3d 583 (8th Cir. 1998). That case, however, does not stand for that proposition of law. Again, Plaintiff's argument lacks merit.

Next, Plaintiff contends that he was not allowed to cross-examine Dr. Blankenship. properly. (Br. 19-20.) Plaintiff sought to collaterally attack Dr. Blankenship with medical records pertaining to other patients. The ALJ would not admit the evidence. (Tr. 440.) Plaintiff sought to supplement the record in this case with that evidence, and his request was denied (docket entry #12). The ALJ properly excluded the evidence in question. Plaintiff cites Lewis v. Callahan, 125 F.3d 1436 (11th Cir. 1997) in support of his argument, but it lends no support to his position. This argument lacks merit.

Plaintiff next argues that Dr. Blankenship's finding that he had a 50% loss of space in a vertebral body equals a Listing, the old Listing 1.05. That Listing, in pertinent part,[3]

---

[3]Listing 1.00, Muskuloskeletal System, applies generally to all muskuloskeletal Listings, and some portions, such a paragraph B, apply specifically to disorders of the spine. Paragraph B requires numerous findings that are not present in this case. It is quite lengthy, and unnecessary

4

reads as follows:

> 1.05 *Disorders of the spine:*
> . . . .
> B. Osteoporosis, generalized (established by X-ray) manifested by pain and limitation of back motion and paravertebral muscle spasm with X-ray evidence of either:
> 1. Compression fracture of a vertebral body with loss of at least 50 percent of the estimated height of the vertebral body prior to the compression fracture, with no intervening direct traumatic episode; or
> 2. Multiple fractures of vertebrae with no intervening direct traumatic episode; or
> . . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1 (2001).

Plaintiff obviously contends that his 50% loss of space in a vertebral body satisfied the Listing, but it clearly does not. For a plaintiff to show that his impairment matches a Listing, it must meet all of the specified medical criteria. Marciniak v. Shalala, 49 F.3d 1350, 1353 (8th Cir. 1995), quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990). Plaintiff has the burden of showing that he met a Listing. Pyland v. Apfel, 149 F.3d 873, 877 (8th Cir. 1998). He did not meet that burden.

Plaintiff next argues that if he is capable of medium work, as the ALJ found, then he would be found disabled by the Medical-Vocational Guidelines at Step 5 of the sequential evaluation process. The ALJ made a Step 4 determination that he was capable of some of his past relevant work. Step 4 involves a determination whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. 20 C.F.R. § 404.1520(e) (2002).[4] If so, benefits are denied; if not, the evaluation continues. The ALJ did not get to Step 5 of the sequential evaluation process.

Finally, Plaintiff argues that all evidence except that from Dr. Blankenship supports

---

to include in this opinion. Listing 1.00 is, however, incorporated herein by reference.

[4]In regulations that became effective September 25, 2003, the Social Security Administration amended and clarified certain aspects of the sequential evaluation process in ways not material to this opinion. 20 C.F.R. § 404.1520(e) and (f) were redesignated 20 C.F.R. § 404.1520(f) and (g), respectively. 68 Fed. Reg. 51153, 51161-62 (August 26, 2003).

a finding that he was able to perform only light work, and he would thus be found disabled under the Medical-Vocational Guidelines. What weight to give competing testimony is a credibility issue, one properly left to the fact-finder. Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993). The trier of fact has the duty to resolve conflicting medical evidence. Richardson v. Perales, 402 U.S. 389, 399 (1971); Vandenboom v. Barnhart, 412 F.3d 924, 928 (8th Cir. 2005).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

Therefore, the Magistrate Judge recommends that the decision of the Commissioner be affirmed and that judgment be entered for Defendant dismissing this action with prejudice.

DATED this 12th day of September, 2006.

_____
UNITED STATES MAGISTRATE JUDGE